UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SANDRA FAYE WRIGHT                    CIVIL ACTION NO. 09-cv-0482

VERSUS                                JUDGE HICKS

JPMORGAN CHASE BANK,                  MAGISTRATE JUDGE HORNSBY
NA, ET AL

**MEMORANDUM ORDER**

JPMorgan Chase Bank, NA removed this action from state court based on an assertion of diversity jurisdiction as well as federal question jurisdiction. The federal question assertion, based on a claim for attorney fees found in the petition, is arguably inapplicable given the holding in In re Hot-Hed, Inc., 477 F.3d 320 (5th Cir. 2007), which distinguished the Medina case cited by JPMorgan. The court takes no position on the issue at this time, except to note that it is important to determine whether there is a basis for the exercise of diversity jurisdiction, which could moot the federal question issue.

JPMorgan alleges, in accordance with applicable rules, the citizenship of all parties except Foreclosure Law Group, PL ("FLG"). That entity is described in paragraph 26 of the Notice of Removal as a "Florida professional limited liability company having its principal place of business in the State of Florida." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their

citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Mullins opinion also makes clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient.

This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court and Elliot v. Tilton, 62 F.3d 725, 729 (5th Cir. 1995) (vacating judgment and chastising district court for not engaging in this kind of inquiry early in the case).

JPMorgan may not have access to the citizenship information for FLG. Parties in FLG's position ordinarily provide the citizenship information voluntarily, and FLG is

encouraged to do so in this case so that this preliminary issue may be resolved as quickly and efficiently as possible. If FLG will not provide the information voluntarily, JPMorgan is granted leave to conduct discovery on the issue. JPMorgan should file an Amended Notice of Removal to address this issue no later than **May 15, 2009**. FLG has yet to appear in the case, and it is not known if JPMorgan is in communication with FLG's counsel at this early date, so a reasonable extension will be granted if requested by motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of March, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE