UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SANDRA FAYE WRIGHT | CIVIL ACTION NO. 09-482 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITIMORTGAGE, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Rule 12(b)(6) Motion to Dismiss (Record Document 15). Plaintiff Sandra Fay Wright ("Wright") opposed the motion. See Record Document 21. For the reasons which follow, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND.**

Wright owned a home located at 6009 Silver Fox Circle, Shreveport, Louisiana. See Record Document 1-1 at ¶ 5. On or about June 29, 2005, she re-financed the home through Citifinanical Mortgage Company, Inc. See id. As part of the refinancing, Wright executed a promissory note in the principal amount of $79,050. See id. The mortgage and note were subsequently acquired by Citimortgage, Inc. ("Citi"). See id.

On or about September 13, 2007, Citi filed an executory process action against Wright in the First Judicial District Court for Caddo Parish, Louisiana. See id. at ¶ 6. Citi alleged that Wright had defaulted on the mortgage loan. See id. Shortly after she was served with the notice of seizure and sale and the executory process petition filed by Citi, Wright received a letter from Home Mortgage Solutions informing her that it could assist her in negotiating a forbearance agreement with Citi. See Record Document 11 at ¶ 8. She contacted Home Mortgage Solutions and was told that it could not assist her. See id.

Instead, Home Mortgage Solutions referred her to Roy Schlundt Bodien ("Bodien"). See id. She hired Bodien to negotiate a forbearance agreement on her behalf with Citi. See id. On or about October 5, 2007, Bodien informed Wright that a forbearance agreement had been reached with Citi in which she would make a lump sum payment of $2,950 immediately, followed by eighteen monthly payments of $1,074.25. See Record Document 1-1 at ¶ 9. On that same day, Wright contacted Citi regarding the forbearance agreement, at which time Citi's representative confirmed that it would accept the terms of the forbearance agreement once it had received the agreement in writing, along with a payment of $2,950 wired via Western Union. See id. at ¶ 10.

According to Wright, she faxed the signed forbearance agreement and wired the $2,950 payment to Citi on October 5, 2007. See id. However, despite providing Citi with the signed forbearance agreement and $2,950 payment via wire transfer, Citi did not dismiss the foreclosure lawsuit. See id. at ¶ 11.

The forbearance agreement required Wright to make payments via certified funds to one of four destinations, depending on the delivery type. See id. at ¶ 13. One approved method of payment was bank wire to an account maintained by Citi with Chase in the name of Citifinancial Mortgage Company, Inc. See id. Wright was also the holder of a personal checking account with Chase. See id.

On November 27, 2007, Wright took a copy of the forbearance agreement to her local Chase branch and asked the teller to make a payment to Citi "as instructed in the [forbearance] agreement by wire transfer." Id. at ¶ 14. Wright alleged that she gave the teller a copy of the forbearance agreement. See id. According to Wright, the teller suggested that she issue a cashier's check in the amount of $1,074.25 payable to Citi for

deposit into the Citi account. See id. Wright agreed and issued a cashier's check payable to Citi. See id. Wright alleged that she "relied upon the expertise of the . . . teller in making the payments as per the written forbearance agreement." Id. On December 27, 2007, Wright made a payment to Citi via cashier's check. See id. On January 28, 2008, Wright made a payment to City via wire transfer. See id.

On or about February 18, 2008, Wright received two letters from Chase indicating that the payments she had made on the forbearance agreement via the cashier's checks had been returned to her checking account by Citi. See id. at ¶ 15. On February 29, 2008, she contacted Citi to discuss its return of her payments, at which time she was instructed by Citi to wire the November and December 2007 payments to Citi via Western Union no later than March 5, 2008. See id. at ¶ 16. On March 5, 2008, Wright wired the missing payments to Citi via Western Union. See id. However, despite making the two payments to Citi timely, the subject property was sold to a third party at a sheriff's sale on March 5, 2008. See id. at ¶¶ 17-18.

On February 12, 2009, Wright filed her original petition in the First Judicial District Court, Caddo Parish, Louisiana. See Record Document 1-1. She named Chase, Citi, and Foreclosure Law Group, PL ("FLG") as defendants. See id. The case was removed to this Court on March 25, 2009. See Record Document 3. On April 8, 2009, Wright filed an amended complaint in which she replaced FLG as a party-defendant with Bodien. See Record Document 11. The amended complaint does not alter Wright's allegations against Chase, but rather amended the original petition to assert against Bodien all of her claims

originally asserted against FLG. See id.[1] With regard to Chase, Wright alleges that Chase "negligently breached its fiduciary duty . . . by not paying the monthly payments as directed by [her], its account holder." Id. at ¶ 20.

## II.     LAW AND ANALYSIS.

### A.     Rule 12(b)(6) Standard.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  In order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550, 127 S.Ct. 1955, 1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts as true. See id., 129 S.Ct. at 1949-50; In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

### B.     Fiduciary Duty.

Chase moved for dismissal on the grounds that Wright failed to allege the factual pre-requisites for a fiduciary duty claim against a financial institution such as Chase. See Record Document 15-2 at 6.  In her opposition, Wright conceded that she has not sufficiently alleged a fiduciary duty claim, specifically stating:

---

[1] In the First Amended Complaint, Wright reiterated all allegations of fact and all claims against Chase. See Record Document 11 at ¶ 6.

> [T]he plaintiff's claim against CHASE does not rely upon some abstract fiduciary duty allegedly owed to her by CHASE, but on CHASE'S contractual obligations to her as a CHASE account holder and under detrimental reliance theory.

Record Document at 21-1 at 2. Thus, due to Wright's own admission, the Motion to Dismiss is **GRANTED** as to any fiduciary duty claim asserted against Chase.

### C.  Breach of Contract; Detrimental Reliance; and Leave to Amend.

Despite her concession that she did not sufficiently allege a fiduciary duty claim, Wright argues that she has adequately plead a breach of contract claim and a detrimental reliance claim. See Record Document 21-1 at 7. Alternatively, if the Court finds that she has not plead with sufficient specificity to support either a contractual or detrimental reliance claim, Wright seeks leave of court to amend her complaint. See id. at 11. Conversely, Chase contends that the "new" claims of breach of contract and detrimental reliance are not properly before the Court. Notwithstanding, Chase argues that the claims of breach of contract and detrimental reliance fail on basic grounds due to Wright's insufficient and contradictory allegations. See Record Document 25 at 1.

**Breach of Contract**

It is well settled under Louisiana law that the relationship between a bank and its account holder is contractual. See Marx v. Whitney Nat. Bank, 1997-3213 (La. 7/8/98), 713 So.2d 1142, 1144 ("Pursuant to Louisiana's Commercial Laws as well as the established jurisprudence prior to their adoption, the relationship between a bank and its depositor is a debtor-creditor relationship that is contractual in nature."). However, even if the Court assumes that Wright has set forth a breach of contract claim and accepts all of her factual allegations as true, including the factual allegations set forth in her opposition

to the motion to dismiss, this purported claim fails as a matter of law. "To properly plead a cause of action based on breach of contract, a [p]laintiff must allege an identifiable contractual promise that [the defendant] failed to honor." See Morris v. Countrywide Home Loans, No. 06-5472, 2008 WL 638615, *4 (E.D.La. March 5, 2008), citing Miller v. Loyola Univ. Of New Orleans, 02-158 (La.App. 4 Cir.9/30/02), 829 So.2d 1057, 1062; see also Louque v. Allstate Ins. Co., 314 F.3d 776, 782 (5th Cir. 2002), citing Bergeron v. Pan Am. Assurance Co., 98-2421 (La. App. 4 Cir. 4/7/99), 731 So.2d 1037, 1045. Wright has not identified any contractual provision or promise that Chase breached. At best, she seems to argue that the Chase teller somehow breached the forbearance agreement, an agreement to which neither Chase nor its teller were privy. Wright has simply failed to plead sufficient factual allegations, namely a specific contractual provision, to raise a right to relief above the speculative level. Therefore, the motion to dismiss is **GRANTED** as to any purported breach of contract claim asserted against Chase.

**Detrimental Reliance**

The notice pleading requirements of Federal Rule of Civil Procedure 8[2] and case law do not require an inordinate amount of detail or precision. See St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 434 (5th Cir. 2000); see also Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000). Under Rule 8, "the function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." Id. The "form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." Id.

---

[2]Rule 8(a)(2) provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

Here, Wright has alleged the following with respect to Chase:

> On November 27, 2007, . . . Plaintiff took a copy of the forbearance agreement/stipulation to her bank branch of Defendant, Chase, and informed the teller that she wanted to make the payment as instructed in the agreement by wire transfer from her account to the designated Citi account maintained at Chase. Plaintiff gave the Chase teller a copy of the forbearance agreement/stipulation, ***to ensure that there could be no mistake as to the payment instructions***. Plaintiff ***relied upon the expertise of the Chase teller in making the payments as per the written forbearance agreement/stipulation***. The teller for Defendant, Chase, failed to follow the instructions contained in the forbearance agreement/stipulation, and did not make a wire transfer of the funds. Instead, ***the teller instructed Plaintiff to purchase a cashier's check*** in the amount of $1,074.25, which the teller them made payable to Citi and deposited directly into the Citi account designated on the forbearance agreement/stipulation. . . . ***The Chase teller assured Plaintiff that this method of payment would satisfy the requirements of the forbearance agreement/stipulation***. On December 27, 2007, Ms. Wright again visited her Chase branch, and again gave the Chase teller the copy of the written forbearance agreement/stipulation, with the instructions for making payment, and ***again the teller instructed her to purchase a cashier's check, rather than make a wire transfer***. Again, Ms. Wright ***relied upon the expertise of the Chase teller in assuring that the payment was properly made***.

Record Document 1-1 at ¶ 14 (emphasis added). Wright further alleged that she suffered a loss as a result of Chase's failure to pay the monthly payments as directed. See id. at ¶ 20.

To recover for a claim of detrimental reliance under Louisiana law, a plaintiff must prove three elements: "a representation by conduct or work; justifiable reliance thereon; and a change of position to one's detriment because of the reliance." Jackson v. Lare, 34,124 (La.App. 2 Cir. 11/1/00), 779 So.2d 808, 813; see also La. C.C. Art. 1967.[3] If the

---

[3]Louisiana Civil Code Article 1967 provides in pertinent part:

A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited

plaintiff suffered no damage in reliance on a promise, then there was no detrimental reliance. See id.

The Court recognizes that Wright does not employ the phrase "detrimental reliance" in either her petition (Record Document 1-1) or her First Amended Complaint (Record Document 11). However, when considering her factual allegations over the form of the complaint, the Court finds that she has plead enough factual allegations to raise a right to relief above the speculative level. The factual allegations set forth in paragraph 14 of the petition, an incorporated into paragraph 6 of the First Amended Complaint, reference a representation by the teller and reliance on the part of Wright. Wright also alleged a change of position to her detriment because of reliance on the teller's assurances. See Record Document 1-1 at ¶ 20. While Wright failed to categorize correctly the legal theory giving rise to her claim, the Court, at this stage of the litigation, must consider factual allegations over form and accept all well-pleaded facts as true. Thus, the complaint contains sufficient factual matter to state a claim to relief for detrimental reliance that is plausible on its face. The motion to dismiss is, therefore, **DENIED** as to the detrimental reliance claim asserted against Chase.

**Leave to Amend**

In the alternative, and only in the event that the Court found that she failed to plead facts with sufficient specificity to support a contractual or detrimental reliance claim, Wright moved for leave of court to amend to assert those claims. See Record Document 21-1 at

---

to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

11. Thus, the purported motion for leave to amend is **DENIED AS MOOT** as to the detrimental reliance claim as the Court has ruled that Wright plead facts with sufficient specificity to support a detrimental reliance claim.

The purported motion for leave to amend is likewise **DENIED** as to the breach of contract claim. Wright's bare request to amend does not constitute a motion within the contemplation of Rule 15(a), as she filed no separate motion to amend; her request was not supported by affidavits; and she failed to attach a proposed amended complaint. Further, her opposition brief is devoid of *particular* grounds on which amendment is sought. Accordingly, Wright's purported motion to amend is **DENIED**. See generally U.S. ex rel. Doe v. Dow Chemical Co., 343 F.3d 325, 331 (5th Cir. 2003).

### III. CONCLUSION.

Based on the foregoing analysis, the Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to any fiduciary duty claim or breach of contract claim and is denied as to the detrimental reliance claim. Wright's alternative Motion to Amend is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of March, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE